**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>VETTE AUTO SALES & BODY LLC<br>d/b/a CORVETTE CITY,<br><br>    Defendant. | Case No. 1:24-cv-12644 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Owners Insurance Company ("Owners"), through its undersigned counsel, hereby brings its Complaint for Declaratory Judgment against Vette Auto Sales & Body LLC d/b/a Corvette City ("Vette Auto") and in support thereof, alleges as follows:

**NATURE OF THE CASE**

1. This is a declaratory judgment action pursuant to 28 U.S.C. § 2201 for the purpose of determining an actionable and justiciable controversy between the parties, as hereinafter more fully appears. The controversy involves whether an appraisal award should be set aside as invalid and made without authority under the terms and conditions of the policy at issue and Illinois law.

**THE PARTIES**

2. Owners is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located in Lansing, Michigan. Therefore, Owners is a citizen of the State of Michigan.

3. Vette Auto is a limited liability company with its principal place of business located at 3046 Skokie Valley Road, Highland Park, Illinois 60035. Cynthia Leonard and Louis E.

1

Groebner III are the sole members of Vette Auto, and are domiciled in Illinois. Therefore, Vette Auto is a citizen of the State of Illinois.

## JURISDICTION & VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) because the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND FACTS

6. Owners issued a Tailored Protection Insurance Policy to Vette Auto, which in relevant part, contained Commercial Property Coverage under policy number 114604-05362490-22, with effective dates from December 31, 2022 to December 31, 2023 (the "Policy") for the building located at 3046 Skokie Valley Road, Highland Park, Illinois 60035 (the "Property"). A true and correct copy of the Policy is attached hereto as Exhibit A.

7. On April 13, 2023, Vette Auto submitted a claim to Owners alleging property damage from a hailstorm.

8. The parties were unable to reach an agreement on the value of the claim, and Vette Auto demanded appraisal pursuant to the appraisal provision in the Policy. A true and correct copy of the appraisal demand is attached hereto as Exhibit B.

9. Under the terms of the appraisal provision, each party was to designate "a competent and impartial appraiser." *See* Exhibit A. If the two appraisers could not agree on an amount of loss, the appraisers were to select a third impartial party as an umpire. *Id.*

10. Owners agreed to appraisal but reserved its rights pursuant to the appraisal provision of the Policy. A true and correct copy of the response to the appraisal demand is attached hereto as Exhibit C.

11. Owners designated Brian Moran of J.S. Held LLC as its appraiser ("Owners' Appraiser").

12. Vette Auto designated Patrick Sperling of J.A. Consulting Nationwide d/b/a Storm Remedy as its appraiser ("Vette Auto's Appraiser").

13. Owners' Appraiser began diligently working with Vette Auto's Appraiser to identify an impartial umpire to conduct the appraisal process.

14. Owners' Appraiser and Vette Auto's Appraiser exchanged lists of potential umpire candidates, but ultimately landed on Vette Auto's Appraiser's top candidate, Rudy Schoenbein (the "Umpire").

15. Owners' Appraiser and Vette Auto's Appraiser each submitted estimates for the cost of repairs or replacement related to the hailstorm claim.

16. Without informing Owners' Appraiser, the Umpire entered an award in the amount of $331,857.18, which was significantly higher than both Owners' Appraiser's and Vette Auto's Appraisers' estimates. Vette Auto's Appraiser signed the award along with the Umpire, making it the appraisal award. A true and correct copy of the appraisal award is attached hereto as Exhibit D.

17. Owners only learned of the appraisal award nearly two weeks later when Vette Auto's public adjuster demanded payment from Owners.

18. Upon reviewing the appraisal award, it was evident that the Umpire adopted Vette Auto's Appraiser's award and added additional line items, some of which included calculation errors.

## COUNT I
## (DECLARATORY JUDGMENT SETTING ASIDE APPRAISAL AWARD)

19. The foregoing paragraphs of this Complaint are incorporated in this Paragraph 19 as if specifically and fully set forth herein.

20. Under applicable law, this Court shall set aside an appraisal award wherever it clearly appears that there has been fraud, misconduct or palpable or gross error or mistake.

21. From the beginning, Owners' Appraiser informed the Umpire of ongoing issues with the appraisal process such as Vette Auto's Appraiser conducting a solo inspection and withholding supporting documentation until the Umpire was invoked. Nevertheless, the Umpire seemingly dismissed Owners' Appraiser's concerns.

22. Throughout the appraisal process, Owners' Appraiser suggested conducting a joint inspection with Vette Auto's Appraiser and the Umpire on multiple occasions, but the Umpire insisted an inspection was unnecessary.

23. Instead, the Umpire sought to rely solely on photographs, an engineer report, and estimates supplied by Owners' Appraiser and Vette Auto's Appraiser.

24. Prior to issuing the appraisal award, the Umpire determined he needed to speak with Vette Auto's Appraiser to request additional information. Owners' Appraiser asked the Umpire to join any meeting with the Umpire and Vette Auto's Appraiser, but the Umpire denied Owners' Appraiser the opportunity to be present for the meeting.

25. Upon information and belief, the Umpire received documents and information from Vette Auto's Appraiser that were not provided to Owners' Appraiser.

26. The Umpire's failure to make a good faith effort to evaluate the Property in conjunction with the ex-parte communications between the Umpire and Vette Auto's Appraiser constitute misconduct and warrant setting aside the appraisal award.

27. Furthermore, an appraisal may be vacated for a mistake where the umpire gives effect to an element of value not within the scope of the appraisal, resulting in an appraisal of a subject matter other than that submitted.

28. The Umpire included several items for the first time in the appraisal award, including but not limited to, an elastomeric roof coating, flashing of the parapet wall, cap flashing, replacement of the glass wall blocks, removal and re-installation of both HVAC units, a debris chute, and scaffolding. None of these items were included in either Owners Appraiser's or Vette Auto's Appraiser's estimates.

29. There were also numerous errors in the appraisal award, which if corrected, would significantly reduce the appraisal award. For instance, the total roof surface is 108.31 squares, but the appraisal award was calculated with estimate line items based on a total roof surface of 127.20 squares.

30. The appraisal award undoubtedly contains demonstrable, indisputable, and objective mistakes that warrant setting aside the appraisal award.

31. Finally, umpires do not have the authority to determine questions of causation or coverage. Here, the Umpire unreasonably concluded that the damage was proximately caused by a wind uplift on the date of loss. Owners' Appraisers attempted to correct the Umpire by confirming that the event was a hailstorm that was not accompanied by high winds but was ignored.

32. Indeed, the Umpire exceeded his authority by making a coverage determination as to the cause of the damage in contravention of the terms and conditions of the Policy.

33. Accordingly, Owners moves this Honorable Court to set aside the appraisal award, and pursuant to 28 U.S.C. § 2201, declare the rights and duties of the parties with respect to the matters submitted to the Umpire and the ensuing appraisal award.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Owners Insurance Company, respectfully prays that this Honorable Court vacate the appraisal award and grant any and all such further relief this Honorable Court deems just and proper.

Dated: December 9, 2024                     Respectfully Submitted,

/s/ Jasleen Grewal
Krysta K. Gumbiner
Jasleen Grewal
DINSMORE & SHOHL LLP
222 W. Adams, Suite 3400
Chicago, IL 60606
(312) 775-1743
(312) 837-4309
krysta.gumbiner@dinsmore.com
jasleen.grewal@dinsmore.com